UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TOBIAS DIGGS, et. al. | No. 18 CR 185<br><br>Judge Gary Feinerman |

**GOVERNMENT'S SURREPLY TO DEFENDANT'S**
**MOTION TO SUPPRESS GPS LOCATION INFORMATION**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully directs the Court's attention to the following legal authorities in further support of its position, as set forth in its response to defendant's motion to suppress GPS location information and during the December 4, 2018, hearing in this matter, that the government in good faith relied on case law regarding the third-party doctrine—before the Supreme Court's decision in *Carpenter v. United States*, No. 16-402, 585 U.S. --, 2018 WL 3073916 (June 22, 2018)—to obtain the GPS location information at issue without a search warrant. Dkt. No. 55 at 9-10.

1. First, before the Supreme Court's decision in *Carpenter*, a number of courts had held that defendants did not have a reasonable expectation of privacy in location information broadly speaking, not simply cell-site location information (CSLI), maintained by a third party. For example, in the Sixth Circuit's decision in *United States v. Carpenter*, which the Supreme Court overruled only after the relevant facts in this matter, the federal appeals court noted that, at that time,

1

"courts have not (yet, at least) extended [Fourth Amendment] protections" to data reflecting an individual's location, like "IP addresses." 819 F.3d 880, 887 (6th Cir. 2016) (collecting cases). *See also United States v. Graham*, 824 F.3d 421, 426-27 (4th Cir. 2016), *cert. denied,* 138 S. Ct. 2700 (2018) (holding that the government does not "invade[] an individual's reasonable expectation of privacy when it obtains, from a third party, the third party's records, which permit the government to deduce *location information"*) (emphasis added); *United States v. Ledbetter*, No. 2:14-CR-127, 2015 WL 5854554, at *5 (S.D. Ohio Oct. 8, 2015) ("Courts likewise have determined that people do not have a legitimate expectation of privacy in historical cell site or *other historical location-tracking information*.") (emphasis added) (collecting cases); Dkt. No. 55 at 6-7 (citing *United States v. Caira*, 833 F.3d 803, 806 (7th Cir. 2016) (defendant had no reasonable expectation of privacy in data that revealed his location—in that case, IP addresses—where that data had been shared with a third party).

2. With respect to GPS location information more specifically, in holding that the defendants in *Carpenter* had no expectation of privacy in "the locational information here"—namely, CSLI—the Sixth Circuit rejected the same argument that defendant has made here—that the Supreme Court's decision in *United States v. Jones*, 565 U.S. 400 (2012), abrogated the third-party doctrine such that information that is "highly sensitive," like "longer term GPS monitoring," could only be obtained through a search warrant as opposed to through "business records, obtained from a third party." *Id.* at 888-89 (recognizing that a third party's possession

2

of such records "can only diminish the defendants' expectation of privacy in the information those records contain"). *See also Graham*, 824 F.3d at 426-27 (rejecting the same argument); *Caira*, 833 F.3d at 808-09 (same). In light of such pre-*Carpenter* case law, law enforcement here had no reason to believe that *Jones* had changed the contours of the third-party doctrine with respect to the GPS location information.[1] Therefore, law enforcement here acted in good faith when it acquired the GPS location information at issue through third-party records rather than a warrant.

      3.     Finally, defendant argues that even if pre-*Carpenter* case law permitted the government to obtain GPS location information from a third party without a search warrant, the government has still failed to establish that law enforcement acted in good faith where it has not demonstrated that the Hinsdale police department *subjectively* believed that premise to be true. The good faith test, however, turns on the objective reasonableness of law enforcement's reliance on judicial precedent. *See United States v. Leon*, 468 U.S. 897, 924 (1984); *see also Illinois v. Krull,* 480 U.S. 340, 355 (1987) ("As we emphasized in *Leon*, the standard of reasonableness we adopt is an objective one; the standard does not turn on the subjective good faith of individual officers."); *United States v. Jenkins*, 850 F.3d 912,

---

[1] Indeed, as the government noted in its response to defendant's motion to suppress GPS location information, the Seventh Circuit has held that "*Jones* did not do away with the third-party doctrine." Dkt. No. 55 at 12 (citing *Caira*, 833 F.3d at 808-09). Numerous other courts have held the same. *See, e.g.*, *Graham*, 824 F.3d at 426-27 (explaining that *Jones* does not bear on the third party doctrine); *United States v. Davis*, 785 F.3d 498, 514 (11th Cir. 2015) (explaining that the concurrence in *Jones* "leave[s] the third party doctrine untouched"); *United States v. Lang*, 78 F. Supp. 3d 830, 836-37 (N.D. Ill. 2015) (explaining that *Jones* did not rely upon the third-party doctrine, "let alone purport to desert or limit it").

918 (7th Cir. 2017) (unlawfully obtained evidence should not be suppressed when police officers acted with an objectively good-faith belief that their conduct was lawful); *United States v. Martin*, 807 F.3d 842, 847 (7th Cir. 2015) (the standard for applying the good-faith exception "is an objective one that does not invite 'federal courts on an expedition into the minds of police officers[,] a foray that 'would produce a grave and fruitless misallocation of judicial resources'") (alteration in original) (internal citations omitted).

4. Defendant's reliance on *United States v. Curtis*, 901 F.3d 846 (7th Cir. 2018), is to no avail. Although *Curtis* observed that law enforcement there, pre-*Carpenter*, relied on the Stored Communications Act to obtain a defendant's CSLI, *Curtis* did not otherwise examine officers' subjective beliefs regarding judicial or statutory precedent. Instead, in concluding that law enforcement had acted in good faith, *Curtis* cited a number of cases that reiterate the principle that the good-faith exception calls for an objective reasonableness inquiry. *Id.* at 848 (citing *Krull*; *United States v. Pembrook*, 876 F.3d 812, 823 (6th Cir. 2017) (which describes the good-faith exception as requiring "an objectively reasonable good-faith belief"); and *Davis*, 785 F.3d at 518 n.20 (which, in turn, cites *Leon*)).

5. Moreover, had *Curtis*—as defendant suggested at the December 4 hearing in this matter—introduced an element of subjectivity to the good-faith inquiry, the Seventh Circuit would have employed this new analysis in post-*Curtis* cases. That has not happened. Instead, in *United States v. Velazquez*, decided several weeks after *Curtis*, the Seventh Circuit held that the government had acted on "*an*

*objectively good-faith belief* that their conduct was lawful at the time of the search," in a case where law enforcement searched for evidence in a suitcase that defendant had placed in the bed of a pickup truck parked in the driveway of his home. 906 F.3d 554, 555, 560 (7th Cir. 2018). *Velazquez* implicated the Supreme Court's recent decision in *Collins v. Virginia*, 138 S. Ct. 1663, 1671 (2018), which held that the automobile exception alone cannot justify a warrantless search of a vehicle within the curtilage, which may include a driveway, of a defendant's home. Before *Collins*, the Seventh Circuit had held in *United States v. Hines,* 449 F.3d 808, 814-15 (7th Cir. 2006), that the warrantless search of a van parked in a driveway was justified under the automobile exception. In deciding *Velazquez,* the Seventh Circuit rejected defendant's "assertion that the officers here showed no particular awareness of *Hines*" as "irrelevant." *Id.* at 561. It wrote: "The test is an objective one which assesses whether a reasonably well trained officer would have known that the search was illegal in light of binding appellate precedent." *Id.* (internal citations omitted).

## Conclusion

For the reasons set forth above as well as the reasons set forth in the government's original response to defendant's motion (Dkt. No. 55), the government respectfully requests that this Court deny defendant's motion to suppress the GPS location information without a hearing.

    Respectfully submitted,

    JOHN R. LAUSCH, JR.
    United States Attorney

By:   */s/ Albert Berry III*
    ALBERT BERRY III
    Assistant United States Attorney
    219 S. Dearborn Street, Fifth Floor
    Chicago, Illinois 60604
    (312) 353-5300

Dated: December 18, 2018