UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 185 |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| TOBIAS DIGGS | ) | |

**GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE COURT'S RULING SUPPRESSING GPS LOCATION INFORMATION**

The UNITED STATES OF AMERICA, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby requests reconsideration of the court's May 13, 2019 ruling suppressing GPS location information obtained by Hinsdale Police Department.

## BACKGROUND

On April 4, 2017, an employee at Header's Car Care, the lien holder of a 2003 Lexus RX involved in the robbery, called Hinsdale Police Department and provided the detective with login credentials for a GPS system installed on the vehicle. Detectives used this information to locate the vehicle and see its prior movements. Defendant was subsequently arrested and sought suppression of the GPS data.

On May 13, 2019, this Court granted defendant's motion seeking suppression of GPS location information obtained by the Hinsdale Police Department as part of its investigation into the March 17, 2017 robbery of Razny Jewelers. In its ruling, the Court found (1) law enforcement's acquisition of the GPS data violated the Fourth

1

Amendment; and (2) law enforcement did not have good faith reliance on binding appellant precedent.

After review of the Court's decision, the government requests reconsideration of the Court's ruling. The Court specifically mentioned that it was limiting its analysis to the issues raised by the parties in their briefs. However, after briefing of the motion to suppress in this case was complete, the Seventh Circuit decided *United States v. Adkinson*, 916 F.3d 605 (7th Cir. 2019). The decision in *Adkinson* demonstrates that this case is properly analyzed as a private search, not conducted by a government actor, and therefore there was no search subject to the Fourth Amendment, or in the alternative, that the government relied on the dealership's apparent authority to consent to a search.

## **ARGUMENT**

### I. Receipt of the GPS Data From A Private Party Was Not A Search

The issue in *Adkinson*, 916 F.3d 605, decided by the Seventh Circuit in February 2019, was whether T-Mobile's voluntary turning over of cell-site information to the government was a search implicating the Fourth Amendment. In that case, defendant and other individuals, with handguns drawn, robbed a T-Mobile store in Indiana and a Verizon store in Kentucky. As part of its own investigation, T-Mobile conducted tower dumps of cellular phone data, from which data it determined that defendant's phone was near both stores during the robberies, and that it traveled from Chicago to the Indiana-Kentucky border and returned to Chicago. T-Mobile then voluntarily turned that information over to the FBI (either

2

on its own or at FBI's request). T-Mobile delivered similar data to the FBI after two additional stores were robbed. The Seventh Circuit affirmed the district court's denial of defendant's motion to suppress the data.

The Seventh Circuit held that there were three separate and independent reasons that there was no Fourth Amendment violation. Pertinent here, the Seventh Circuit held that the government's receipt and use of the data received from T-Mobile was lawful because T-Mobile was a private party not acting on behalf of the government.

Specifically, the Seventh Circuit in *Adkinson* relied on the long-standing principle that a search or seizure by a private party does not implicate the Fourth Amendment unless the party is acting as an instrument or agent of the government. 916 F.3d at 610 (citing *United States v. Shahid*, 117 F.3d 322, 325 (7th Cir. 1997)). It considered whether "T-Mobile agreed to act on the government's behalf and to be subject to its control or that the government ratified T-Mobile's conduct as its own," and found that T-Mobile was an independent private party because it

> acted in its own interest to prevent more robberies of its stores and recover its property when the company furnished data to the government; there is no evidence that it expected to receive any benefit from the government.

*Adkinson*, 916 F.3d at 610. Accordingly, the Court held, providing the data did not transform T-Mobile into an agent of the state and the Fourth Amendment was inapplicable. *Id.* ("the government's mere receipt of T-Mobile's data is not a ratification of T-Mobile's conduct.").

Defendant's motion to suppress in this case must be denied because the search was conducted by a private person, not a government agent. Similar to *Adkinson*, Individual A voluntarily consented to the tracking of the Lexus through GPS in her contract with Header's Car Care. The contract stated that Header's Car Care may use the GPS tracking device to find the vehicle. The dealership used its access to the GPS tracking device to voluntarily turn over GPS data it had collected and maintained on the vehicle to the Hinsdale Police Department. The dealership did so in its own interest: Individual A had reported the vehicle stolen, and the dealership had a financial interest in the car's recovery. Accordingly, the dealership gave the detective login credentials to the website where the data was stored. This was done without prompting or request by the government—the employee offered the information to the detective, and no different from the law enforcement officials in *Adkinson*, the detective accepted the information.

This did not constitute a search. The car dealership employee was a private citizen, not a government agent, like the employee from T-Mobile in *Adkinson*. The government simply took what was offered. This conclusion is unaffected by the fact that the employee gave login credentials for the Hinsdale detective to download the data, rather than the employee downloading the data herself and then sending it to the police. The employee's giving of the login credentials to law enforcement was akin to a private citizen handing an envelope to law enforcement. The envelope and its contents both were provided by the citizen; neither would be protected by the Fourth Amendment.

4

In any event, even if the private-search doctrine were not technically applicable here for some reason, the good faith exception applies. *See United States v. Leon*, 468 U.S. 897, 905 (1984). Under these facts, a reasonable officer would have believed the Fourth Amendment did not require a warrant because the private-search doctrine, which the Supreme Court and this circuit has long recognized, justified the warrantless acceptance and use of the GPS data provided by the dealership. *See Shahid*, 117 F.3d at 325 ("A search or seizure by a private party does not implicate the Fourth Amendment").

## II. Even if It Was A Search, Header's Car Care Had Apparent Authority To Turn Over the Information to Law Enforcement

Even if the action somehow amounted to a search, the car dealership had apparent authority to provide law enforcement with the GPS data, and the Hinsdale Police Department reasonably relied on that authority in accepting the data.

The government can seize evidence with the consent of a third party if that party has apparent authority of the items seized or places searched—that is, if the facts available to the officer at the time of the search would lead a reasonable person to believe that the third party had authority. *United States v. Wright*, 838 F.3d 880, 887 (7th Cir. 2016); *United States v. Jackson*, 598 F.3d 340, 343-44 (7th Cir. 2010). Even if this Court were to conclude that the receipt of GPS data from the car dealership was a "search," notwithstanding the fact that it was provided voluntarily by a private party, the Hinsdale police reasonably relied upon the consent provided by the car dealership.

5

Here, the item in question is a password-protected website that allowed the user to access the physical locations of the car. Header's Car Care provided law enforcement with the password, thereby allowing law enforcement to access the information. Header's was the Lexus' lienholder, had access to its GPS location information, had informed Individual A that it had access to that information, and shared access to that information with the Hinsdale detective by providing the detective with the necessary login credentials. It was logical and reasonable for law enforcement to believe that Header's Car Care had full authority over the information and had the authority to allow others to access the information. These facts gave law enforcement reason to believe Header's had apparent, if not actual, authority to authorize law enforcement to access the GPS information.

In short, even if the Court were to find that the doctrines of third-party search and good faith are not applicable here, apparent authority to consent is. The Court in its May 13, 2019 order reasoned that the dealership's right to access GPS data was limited—the dealership was authorized to use the data to determine the vehicle's current location to repossess the vehicle, if necessary, and not as a more general authorization to track the vehicle's long-term whereabouts. That may be true, but it does not mean that the *government* acted in bad faith, triggering the exclusionary rule. *See United States v. Martin*, 807 F.3d 842, 847 (7th Cir. 2015) ("[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." (internal quote omitted)). Hinsdale Police

6

Department was not provided with a copy of the contract at the time that the dealership gave the log-in credentials to the detective; and to the extent that the dealership's access to the GPS data was constrained by an extra-contractual understanding between the dealership and Individual A, the police had no reason to know it. Instead, the private company told the police that it had a website that contained the physical locations of the car, provided the log-in to the website, and the government reasonably relied upon the apparent authority of the dealership in providing access to that information.

## CONCLUSION

For the aforementioned reasons, the government respectfully requests that this Court reconsider its previous ruing from May 14, 2019 and deny defendant's motion without a hearing.

                Respectfully submitted,

                JOHN R. LAUSCH, JR.
                United States Attorney

By:   /s/ *Albert Berry III*
      ALBERT BERRY III
      Assistant United States Attorney
      219 S. Dearborn Street
      Chicago, Illinois 60604