# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 18 Cr 185-1 |
| | ) | |
| | ) | Hon. Gary Feinerman |
| Tobias Diggs, | ) | |
| Defendant. | ) | |

## DEFENDANT TOBIAS DIGGS'S RESPONSE TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION

Defendant Tobias Diggs, through his undersigned attorney, respectfully submits this response to the Government's Motion for Reconsideration of the Court's Ruling Suppressing GPS Location Information (ECF #82).

## Introduction

Diggs filed his motion to suppress GPS location information on September 25, 2018. (ECF #49.) The government filed its response on November 8, 2018 (ECF #55), and at the hearing on December 4, 2018, the Court granted the government's request to file a Surreply, which it did on December 18, 2018. (ECF #60, 62.) The Court held an additional hearing on the motion on February 4, 2019, and the Court granted the motion to suppress in a Memorandum Opinion and Order dated May 13, 2019. (ECF #68, 78.)

The government has now moved for reconsideration, advancing an argument not raised in any of its prior pleadings or at any of the prior hearings and which, according to the government, is based on the "long-standing principle" that a search by a private party does not implicate the Fourth Amendment. (Mot. at 3.) The

government argues that the Seventh Circuit's application of this long-standing doctrine in *United States v. Adkinson*, 916 F.3d 605 (7th Cir. Feb. 14, 2019) warrants reconsideration and reversal of the Court's May 13 Memorandum Opinion and Order. (Mot. at 2-4.) The government further contends that even if the private-search doctrine were not "technically applicable" in this case, the good faith exception should apply. (Mot. at 5.) Finally, the government rehashes its argument that the search was lawful because the car dealership had "apparent authority to provide law enforcement with the GPS data." (Mot. at 5-7.)

The government's arguments should be rejected because they are both untimely and misguided, and because they fail to warrant reconsideration of the Court's Memorandum Opinion and Order. Even if the government had not forfeited, and could advance, its belated arguments, they do not demonstrate error. The private-search doctrine is obviously inapplicable here because, unlike in *Adkinson,* the private party in this case did not conduct a search or download data, but simply provided the government with the login credentials necessary to access, download, and search the GPS data. The government's arguments amount to nothing other than an alternative effort to evade the plain command of the Supreme Court's decision in *United States v. Carpenter*, 138 S. Ct. 2206 (2018), which refused to extend the third-party doctrine to allow the government to search location information obtained from a third party without a warrant. And none of the government's other arguments is new or merits reconsideration.

**Discussion**

**A.    The Government Forfeited its Private Search Argument.**

The government had ample opportunity in the roughly eight months in which Diggs's motion was pending before the Court to raise the private-search doctrine, which, according to the government, "the Supreme Court and this circuit has long recognized." (Mot. at 5.) But the government never advanced this argument in any of its pleadings, at any of the prior hearings on the motion, or even in the three months since the *Adkinson* opinion was issued. Accordingly, and for the reasons set forth in the Court's Memorandum Opinion and Order, the government forfeited this argument. (*See, e.g.,* Opinion and Order, at 6; *United States v. Stanbridge*, 813 F.3d 1032, 1038 (7th Cir. 2016); *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).)

**B.    The Private Search Doctrine is Inapplicable.**

Even if the government had timely advanced its private search argument, it still could not justify or sanitize the government's warrantless search and use of the GPS location data in this case. Indeed, the Seventh Circuit's February decision in *Adkinson* itself demonstrates why the doctrine is inapplicable here. In this case, in contrast to *Adkinson*, there was no private investigation or data download or other actions that could be characterized as a private search or that could excuse the government's conduct.

*Adkinson* involved an entirely different set of facts. In that case, the private party (T-Mobile) itself "investigated the . . . robberies." *Adkinson*, 916 F.3d at 608. T-Mobile conducted its own investigation by conducting "tower dumps" and "pull[ing]

3

data from cell sites near" the victim stores to identify which phones had connected to them. *Id.* Based on this information T-Mobile itself was able to "determine[ ] where [defendant's] phone traveled," and it then provided these results of its own investigation to the FBI. *Id.* The Seventh Circuit emphasized that T-Mobile "acted in *its own interest* to prevent more robberies of its stores and recover its property when the government furnished data to the government." *Id.* at 610 (emphasis added).[1]

No such private investigation or search was conducted in this case. Indeed, Headers did nothing more than provide the government with the login credential necessary to access, download, and search the GPS data. Unlike in *Adkinson*, it was the government that downloaded and analyzed the data, and "determined where [the car] traveled." And, unlike in *Adkinson*, the car dealership had no interest in the historical movements of the vehicle, which it never accessed. Rather, the private party's interests were limited to current location information necessary to find the vehicle.

The private search doctrine is thus plainly inapplicable here. At its core, and under these facts, the government's new private-search argument is nothing other than a repackaging of its unsuccessful attempt to invoke the third-party doctrine, as

---

[1] In *Adkinson*, the court also relied on consent principles to justify the search because the T-Mobile user "consented to T-Mobile collecting and sharing his cell-site information" and expressly agreed that T-Mobile "could disclose information when reasonably necessary to protect its rights." *Id.* at 610-11. But as this Court correctly recognized in its Memorandum Opinion and Order, there was no such consent here because the owner of the vehicle only acknowledged that the dealership could use present location information to "find the vehicle" and did not consent to the continuous tracking of the car or the disclosure of historical movements over an extended period of time. (Mem. Op. at 20-21.)

it would allow the government to obtain location information from virtually any third party without a warrant. But as the Court correctly recognized in its Memorandum Opinion and Order, that third-party argument and that result are foreclosed by the Supreme Court's decision in *Carpenter*. (Mem. Op. at 7-8.)

Reconsideration is appropriate if "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension," or there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) *(*quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)). The Seventh Circuit has emphasized "such problems rarely arise and the motion to reconsider should be equally rare." *Id.*

The government's new private search argument is legally incorrect, and thus falls far short of meeting that exacting standard, or demonstrating such exceptional circumstances.

### C. The Government Again Fails to Identify Any Binding Appellate Authority That Could Establish Good Faith.

The government's rehashing of its unsuccessful good faith argument is equally ineffective. The government argues that even if the private-search doctrine were not "technically applicable" the good faith exception applies because that doctrine "justified the warrantless acceptance and use of the GPS data provided by the dealership." (Mot. at 5.)

5

But as the Court correctly recognized in its Memorandum Opinion and Order, the Supreme Court's opinion in *Davis* and the Seventh Circuit's opinion in *Jenkins* require the government to establish that "binding appellate precedent specifically authorize[d]" the police practice at issue. (Mem. Op. at 11-12.) The government cannot simply rely on "general statements" regarding a Fourth Amendment principle such as the private-search doctrine but instead "must point to binding appellate precedent applying the doctrine to long-term historical GPS data or its equivalent." (*Id.* at 15-16.)

The government has again failed to satisfy this standard. It simply points to the "long-standing principle" that a private party's search does not violate the Fourth Amendment. (Mot. at 3, 5). The single case on which it relies (*United States v. Shahid*, 117 F.3d 322, 325 (7th Cir. 1997)) does not in any way suggest (let alone hold) that the government's access and use of a third party's database to download five weeks' worth of GPS location information can be sanctioned as a private search.[2] That case addressed the discrete issue of whether the detention and search of a shoplifting suspect by shopping mall security officers amounted to a private search, *id.* at 327, circumstances that have nothing to do with location information or the facts before the Court. Accordingly, nothing in the government's motion demonstrates either good faith or the exceptional circumstances necessary to justify reconsideration.

---

[2] Of course, the Seventh Circuit's opinion in *Adkinson* cannot support the government's good faith argument because it is inapplicable *and* it was decided after the unlawful search in this case.

**D. The Government's Reassertion of its Apparent Authority Argument Does Not Warrant Reconsideration.**

Finally, the government argues that the warrantless search was lawful because the dealership had apparent authority to turn over the location information (Mot. at 5-7), but that argument was already advanced by the government in its initial response. (ECF #55, at 8.) And this argument, like its private-party argument, simply attempts to evade the plain command of *Carpenter*, as it would sanction the warrantless search of location data maintained by virtually any third party. Indeed, the government previously advanced this same apparent authority argument in its effort to escape the Supreme Court's ruling in *Carpenter*. (ECF #55, at 8.) The Court properly rejected this prior argument, and the government identifies nothing in its motion that could possibly justify reopening the Court's Memorandum Opinion Order to address this previously-argued issue.

## Conclusion

WHEREFORE, Defendant respectfully requests that the Court deny the government's motion for reconsideration.

Respectfully Submitted,

/s/ *Douglas E. Whitney*
Douglas E. Whitney
DOUGLAS WHITNEY LAW
OFFICES LLC
321 N. Clark Street, Suite 1301
(P) 312-279-0510
(F) 312-277-6620
doug.whitney@dwlollc.com

*Attorney for Defendant Tobias Diggs*

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2019, in accordance with LR5.9 and Fed. R. Crim. P. 49(e), I electronically filed the foregoing DEFENDANT TOBIAS DIGGS'S RESPONSE TO GOVERNMENT'S MOTION FOR RECONSIDERATION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing all counsel of record at their e-mail addresses on file with the Court.

*/s/ Douglas E. Whitney*
Douglas E. Whitney