UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 185 |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| TOBIAS DIGGS | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE MOTION TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION**

The UNITED STATES OF AMERICA, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby replies to defendant Tobias Diggs's response to the government's motion for reconsideration of the court's May 13, 2019 ruling suppressing GPS location information obtained by Hinsdale Police Department.

## BACKGROUND

On May 26, 2019, the government filed a motion for reconsideration of the court's May 13, 2019 ruling suppressing GPS location information. R. 82. On May 30, 2019, defendant Diggs filed his response asking the court to deny the government's motion for reconsideration. R. 84. A status hearing was held on June 10, 2019. R. 88. During that hearing, the court allowed the government to file a reply and the defendant to file a sur-reply. The court requested that the government focus on forfeiture in its reply.

1

## **ARGUMENT**

I. **The Court Has Discretion to Allow the Government to Argue the Receipt of the GPS Data From A Private Party Was Not A Search Even If the Court Found There Was Forfeiture**

Forfeiture is an appellate construct which occurs when a party accidentally or negligently fails to raise a valid argument at the district court. *U.S. v. Johnson*, 668 F.3d 540, 542 (7th Cir. 2012). Forfeiture is assumed where there is no strategic justification proffered by the opposing party for a decision by the arguing party to bypass an argument. *Id.* On appeal, forfeited arguments are reviewed for plain error. *United States v. Waldrip*, 859 F.3d 446, 449-50 (7th Cir. 2017). A plain error that effects substantial rights may be considered even though it was not previously brought to the court's attention. Fed R. Crim. P. 52(b).

In order to establish plain error, a litigant must show (1) that there was an error or defect that was not intentionally relinquished or abandoned; (2) the error was clear or obvious, "rather than subject to legal dispute"; and (3) the error affected the litigant's substantial rights (generally, the outcome). *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507 U.S. 725, 736 (1993)). When all three prongs are established, the court has "the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. States*, 652 F.3d 734, 740 (7th Cir. 2011).

In the case at hand, the government did not advance the specific, detailed argument that the receipt of the GPS data by Hinsdale Police Department – data that was given to them by Header's Car Care, a private party – was not a search. The error in not making the argument was not intentionally relinquished or abandoned. In making its arguments to the court, the government focused on the arguments raised by defendant that *United States v. Jones* precluded the search. During argument, the government attempted to respond to the court's queries by relying upon the ruling in *Jones*, the third party doctrine, the abandonment of the car by defendant Diggs, and the apparent authority Header's Car Care had to turn the information over to Hinsdale Police Department. It should be noted that in doing so, each of these arguments touched upon the generalized issue that Header's Car Care was a private party. R. 55 at 3-4; *U.S. v. Fields*, 373 Fed.Appx. 624, 626 (7th Cir. 2010) (finding that even "woefully underdeveloped" arguments are not necessarily forfeited).

There is no dispute that Header's Car Care is a private party. Both parties and the court have agreed that Header's Car Care reached out to Hinsdale detectives and provided them with the log-in credentials. R. 49 at 2; R. 78 at 2; R. 84 at 2. Additionally, there is no legal dispute that a private party can turn information over to law enforcement without it being characterized as a search and it is clear that the outcome in this case is affected by not allowing the argument to be put forth that the receipt of the GPS data from Header's was not a search.

Therefore, the decision to address the argument lies in the sound discretion of the court. The government requests that this court exercise its discretion to hear the argument that the receipt of the GPS data from Header's Car Care – a private party – was not a search for fairness and integrity of the judicial proceedings.

II. **The Government Sufficiently Raised the Argument that Header's Car Care Had Apparent Authority To Turn Over the Information to Law Enforcement and that Argument Was Not Addressed In the Court's Decision**

Defendant in his response brief argued that the court rejected the Government's argument regarding the apparent authority of Header's Car Care. R. 84 at 7. This is not true and the argument that Header's Car Care had apparent authority to turn over the information deserves consideration.

Nothing in the Court's ruling touched upon the issue of apparent authority. R. 78. The government maintains that Header's Car Care, a private citizen that according to a contract had GPS location information voluntarily turned over to it, had apparent authority to turn that information over to the Hinsdale Police Department. *See United States v. Adkinson*, 916 F.3d 605, 610 (7th Cir. 2019) (stating that a person "can voluntarily consent in advance to a search as a condition of receiving contracted services"). The government advanced this argument in both its original response to defendant's motion to suppress and at the status hearing on December 4, 2018. R. 55 at 8; December 4, 2019 Hearing Tr. 19 -21, 25-26

Here, as a condition of leasing the car, Individual A agreed to Header's Car Care's policy that Header's could use the GPS tracker to find the car. Indeed when

4

Individual A called and reported the car stolen, Header's Car Care used it for that purpose. When Header's contacted Hinsdale, Header's was the Lexus' lienholder, had access to its GPS location information, and had informed Individual A that it had access to that information. Header's then shared access to that information with the Hinsdale detective by providing the detective with the necessary login credentials. It was logical and reasonable for law enforcement to believe that Header's Car Care had full authority over the information and had the authority to allow others to access the information.

## CONCLUSION

For the aforementioned reasons, the government respectfully requests that this Court reconsider its previous ruling from May 13, 2019.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Albert Berry III*
ALBERT BERRY III
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604