**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 18 Cr 185-1 |
| | ) | |
| | ) | Hon. Gary Feinerman |
| Tobias Diggs, | ) | |
| Defendant. | ) | |

### DEFENDANT TOBIAS DIGGS'S SURREPLY IN OPPOSITION TO GOVERNMENT'S MOTION FOR RECONSIDERATION

Defendant Tobias Diggs, through his undersigned attorney, respectfully submits this Surreply in opposition to the Government's Motion for Reconsideration of the Court's Ruling Suppressing GPS Location Information (ECF #82) and in response to the Government's Reply in support of that motion (ECF #94).

**A.     The Government Mischaracterizes the Nature of the Search and Ignores Controlling Private Search Precedent.**

In its reply, the government acknowledges that the Court only has discretion to entertain the forfeited private search argument if the Court's decision to grant the motion to suppress was clearly and obviously erroneous "rather than subject to legal dispute." (Reply, at 2 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009).) The government nevertheless argues that the Court should exercise its discretion and "hear the argument that the *receipt* of GPS data from Header's Car Care – a private party – was not a search" because "there is no legal dispute that a private party can turn information over to law enforcement without it being characterized as a search." (Reply at 3-4 (emphasis added).)

The government's argument misapprehends and mischaracterizes the central legal issue raised by the government's belatedly-advanced private search argument, and it ignores controlling precedent that demonstrates that the government's private search argument is neither beyond dispute nor legally correct. Contrary to the government's argument, the issue is not whether the *receipt* of the GPS data by the government amounted to a search. Rather, the issue is whether the government's subsequent search of that GPS data to pinpoint the historical movements of the vehicle over a lengthy period amounted to an unlawful search when it is undisputed that the private party never conducted any similar search of the historical GPS data it provided to the government.

The Supreme Court addressed this issue in *United States v. Jacobsen*, 466 U.S. 109 (1984), a case the government fails to reference. The Court in *Jacobsen* concluded that the legality of the government's search of information it obtained from a private party turns on "the degree to which the [government's search] exceeded the scope of the private search." *Id.* at 115. In that case, a private freight carrier conducted a search of a damaged package, discovered that it contained zip-lock bags containing white powder, and subsequently turned the package over to the DEA. The Court held that the government's subsequent examination of the package received from the private party did not amount to a separate search because it did not allow the DEA the agent to learn anything "that had not been learned during the private search." *Id.* at 120.

Applying this rule, numerous courts have considered and rejected the government's simplistic and improper focus on its receipt of the GPS data and have

2

instead focused on whether the government's subsequent search exceeded the scope of the private search and whether the government learned more about the contents of the data than had been known by the private party. These cases make clear that the government's analogy to the receipt of an unopened envelope (ECF #82, at 4) is misguided, and they squarely reject the government's argument that it has unfettered discretion to search the contents of such an envelope provided even when, as in this case, the private party had not searched the contents of the envelope and did not know what those contents would reveal about the defendant.

For example, in *United States v. Rouse*, 148 F.3d 1040, 1042 (8th Cir. 1998), the court stressed that it "is the search of a suitcase, not its seizure, that lies at the heart of [defendant's] motion." In that case, an airline employee conducted a partial search of luggage before providing it to law enforcement. That partial search revealed information relating to the manufacturing of false identification cards. Upon receipt, law enforcement conducted a further search that revealed additional incriminating items (laminating machines) that had not been located by the private party search. *Id.* at 1041. The court held that these additional items discovered during the government's subsequent warrantless search had to be suppressed because they were not "items with respect to which the officers had any previous information, and they were therefore not objects with respect to which [the defendant] had his expectations of privacy frustrated." *Id.*

Similarly, in *United States v. Runyan*, 275 F.3d 449, 464 (5th Cir. 2001), the court concluded that the police's search of computer disks provided by a private party violated the Fourth Amendment because the "police exceeded the scope of the private

3

search . . . when they examined disks that the private searchers did not examine" and whose contents were not known to the government at the time of the additional search. *See also United States v. Lichtenberger*, 786 F.3d 478, 491 (6th Cir. 2015) (suppressing government search of laptop provided by third party because government's "warrantless review of [defendant's] laptop exceeded the scope of the private search . . . conducted earlier that day"); *see also Rann v. Atchison*, 689 F.3d 832, 837-38 (7th Cir. 2012) (denying habeas relief because state court reasonably inferred that private party compiled the images on the digital media devices for law enforcement and knew that those devices contained child pornography).

Contrary to the government's simplistic receipt argument, these cases make clear that the decisive issue is what the government did with the GPS data it received from Headers, and whether its search of that data exceeded the scope of any search previously conducted by Headers. It is indisputable that the government's search of the historical GPS data exceeded the scope of any search conducted by Headers. That is because Headers did not conduct *any* private search of the historical GPS data, and, as this Court has already concluded, Headers was not authorized to conduct any such search. (ECF #78, at 21-22.) Thus, the government's search of the historical GPS data far exceeded any search conducted by Headers, and at the time it conducted this additional search, the government did not possess any information about the car's historical movements.

Accordingly, pursuant to *Jacobsen* and its progeny, the government's search of the GPS data cannot be saved by reference to the private search doctrine, even if the government had timely advanced that argument, which it did not. And certainly, at

4

a minimum, this issue is not so beyond legal dispute so as to justify entertainment of the forfeited argument. (*See* Reply at 2.)[1]

B. **The Government's Apparent Authority Argument Should Be Rejected.**

In its reply, the government argues that "[n]othing in the Court's ruling touched upon the issue of apparent authority," and it again tries to justify the search of the historical GPS data by arguing that Headers had apparent authority to provide the GPS data to the government. (Reply, at 4.) The government's argument should be rejected.

First, even if Header's had apparent authority to turn over the login credentials, that would not have justified or sanitized the government's subsequent search of that data. In each of the private party cases discussed above, there was no claim that the private party acted outside the scope of its legal authority in turning materials over to the government. But that fact alone could not rescue the government's subsequent warrantless search of such materials if its search exceeded the scope of the search conducted by the third party. As discussed above, that is exactly what occurred here. No claim of apparent authority alters that analysis.[2]

---

[1] *Adkinson* is easily distinguishable because it involved the "mere receipt" by the government of data that had previously been compiled by T-Mobile and did not involve any additional governmental searches to identify defendant's location, as, unlike here, that had already been done by the private party. 916 F.3d at 610. Because the government conducted no additional search in that case, there was no reason for the Seventh Circuit to address the *Jacobsen* line of cases.

[2] Likewise, in *Carpenter*, there was no dispute that the cell phone company had apparent authority to comply with the government's request for the CSLI, but that apparent authority could not and did not absolve the government's warrantless search of the CSLI.

Second, the government's apparent authority argument is based on its claim that Headers "had informed [the owner] that it had access to" the car's GPS location information. (Reply at 5.) But the Court has already and correctly rejected this inaccurate premise. The Court concluded, based on the express terms of the Headers contract, that Headers was "authorized to collect only a limited amount of information but exceed[ed] its authorization and collect[ed] much more." (ECF #78, at 22.) That is because the vehicle's owner only "authoriz[ed] Headers to 'use [the] device to find the vehicle," and "did not also give Headers permission to continuously track the vehicle." (ECF #78, at 21.)

Accordingly, Headers had neither actual nor apparent authority to share any information beyond the *current* location information necessary to find the vehicle.

## Conclusion

WHEREFORE, for all of the foregoing reasons as well as those set forth in his prior response, Defendant respectfully requests that the Court deny the government's motion for reconsideration.

Respectfully Submitted,

/s/ *Douglas E. Whitney*
Douglas E. Whitney
DOUGLAS WHITNEY LAW
OFFICES LLC
321 N. Clark Street, Suite 1301
(P)  312-279-0510
(F)  312-277-6620
doug.whitney@dwlollc.com

*Attorney for Defendant Tobias Diggs*

# CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2019, in accordance with LR5.9 and Fed. R. Crim. P. 49(e), I electronically filed the foregoing DEFENDANT TOBIAS DIGGS'S SURREPLY IN OPPOSITION TO GOVERNMENT'S MOTION FOR RECONSIDERATION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing all counsel of record at their e-mail addresses on file with the Court.

*/s/ Douglas E. Whitney*
Douglas E. Whitney
